IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY LANGBORD, DAVID LANGBORD, and JOAN LANGBORD, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-5315 |
| UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES BUREAU OF THE MINT; HENRY M. PAULSON, JR., Secretary of the United States Department of the Treasury; STEPHEN LARSON, Acting General Counsel of the United States Department of the Treasury; EDMUND C. MOY, Director of the United States Mint; DANIEL P. SHAVER, Chief Counsel, United States Mint; DAVID A. LEBRYK, Deputy Director of the United States Mint; and the UNITED STATES OF AMERICA, | : |
| Defendants. | : |

**STATEMENT OF INDISPUTABLE MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to the Court's published procedures, in support of Defendants' Motion to Dismiss, or in the Alternative, For Summary Judgment, the defendants submit the following statement of material facts to which they contend no genuine dispute exists.

**A.    Material Indisputable Facts Concerning Plaintiffs' Purported Ownership of the 1933 Double Eagles**.

1.    Plaintiffs claim ownership of the 1933 Double Eagles through inheritance from Israel Switt.  Compl. at ¶59.

2.    Israel Switt died in 1990.

3.    Stanton Langbord was Switt's Personal Representative for purposes of the

administration of Israel Switt's estate. <u>See</u> Exhibit ("Exh."). <u>See</u> Exh. G at 40.[1]

  4. Roy Langbord executed a "Renunciation and Disclaimer" in which he "irrevocably and unqualifiedly" refused to accept any property from Israel Switt's estate. <u>See</u> Exh. P.

  5. David Langbord executed a "Renunciation and Disclaimer" in which he "irrevocably and unqualifiedly" refused to accept any property from Israel Switt's estate. <u>See</u> Exh. O.

  6. The documents that Roy and David Langbord executed renouncing any interest in any property from Israel Switt's estate were filed in the Philadelphia Court of Common Pleas. <u>See</u> Exhs. P and O.

  7. Joan Langbord inherited 100 percent of Israel Switt's distributed estate. <u>See</u> Exh. G at 34.

  8. No 1933 Double Eagles were disclosed as property of Israel Switt in connection with the administration of Israel Switt's estate. <u>See</u> Exh. G at 20-21, 25-30.

  9. The inventory of Israel Switt's property that Stanton Langbord filed with the Register of Wills in Philadelphia in connection with Switt's estate did not disclose any 1933 Double Eagles. <u>See</u> Exh. G, <u>passim</u>.

  10. Stanton Langbord did not file a supplemental inventory of Israel Switt's property disclosing the 1933 Double Eagles.

  11. Stanton Langbord did not file a Commonwealth of Pennsylvania Inheritance Tax

---

[1] Exhibit references are to the Exhibits to Memorandum of Law In Support of Defendants' Motion to Dismiss, Or in the Alternative, for Summary Judgment.

Return disclosing or reflecting Switt's purported ownership of 1933 Double Eagles. See Exh. G, passim.

12. No 1933 Double Eagles were distributed from Switt's estate to any of the plaintiffs.

**B.   Material Indisputable Facts Concerning the History of the 1933 Double Eagles at Issue in this Case and Israel Switt.**

13. On March 6, 1933, President Roosevelt issued a Proclamation declaring a "Bank Holiday" closing banks and prohibiting payment of gold coin. See Exh. B at 2.

14. On March 6, 1933, Secretary of the Treasury William H. Woodin directed Mint officials not to issue any gold in any form absent a license issued by the Secretary of the Treasury. See Exh. I.

15. As the nation's new monetary policies unfolded, the Mint struck 445,500 Double Eagles bearing the year 1933.

16. The Secretary of the Treasury did not issue a license for the issuance of the 1933 Double Eagles at issue in this case.

17. The first time the Mint Coiner delivered any 1933 Double Eagles to the Mint Cashier was March 15, 1933 – more than a week after the Presidential Proclamation forbidding the payout of gold coins and Secretary Woodin's directive to the Mint not to pay gold coins. See Exh. J.

18. The Annual Report of the Director of the Mint (for the year ending June 30, 1934) states that no 1933 Double Eagles were lawfully issued as coinage. See Exh. K at 4.

19. Department of the Treasury records show that no payments of 1933 Double

Eagles were authorized to be made by the United States Mint, Philadelphia, to any Federal Reserve Bank or Branch.  See Exh. D.

20. None of the 1933 Double Eagles at issue in this case were lawfully issued as coinage.

21. No records exist proving or reflecting that the 1933 Double Eagles at issue in this case were lawfully issued as coinage.

22. In 1944, the United States Secret Service learned that a New York coin dealer was offering at auction a 1933 Double Eagle.

23. The Secret Service investigated Israel Switt's involvement in the apparent theft of 1933 Double Eagles from the Mint.

24. At the conclusion of the Secret Service's investigation, the United States Attorney's Office declined to prosecute Switt because of the passing of the statute of limitations. See Exh. F.

25. No documents exist to prove that Switt lawfully obtained the 1933 Double Eagles at issue in this case.

**C.   Material Indisputable Facts Concerning Plaintiffs' Voluntary Transfer of the 1933 Double Eagles to the Possession of the United States.**

26. Plaintiffs voluntarily disclosed to the United States their control of ten 1933 Double Eagles.  Compl. at ¶61.

27. Plaintiffs voluntarily transferred the 1933 Double Eagles to the possession of the United States.  Compl. at ¶65.

28. Plaintiffs knew at the time they voluntarily transferred the 1933 Double Eagles to

the possession of the United States that the United States has consistently maintained that none of the 1933 Double Eagles at issue in this case had been lawfully issued as coinage. Compl. at ¶5.

29.   The parties mutually agreed to a time and place for plaintiffs to transfer the 1933 Double Eagles to the possession of the United States.

30.   On September 22, 2004, Roy Langbord transferred the 1933 Double Eagles to the possession of the United States. Compl. at ¶65.

31.   Plaintiffs' counsel attempted to negotiate a reward or other financial benefit for the plaintiffs in connection with the voluntary transfer of the 1933 Double Eagles to the possession of the United States. Compl. at ¶62.

32.   Barry Berke, Esq. was principally responsible for plaintiffs' communications with the Mint before and after September 22, 2004, including but not limited to their negotiations with the Mint for a reward and the voluntary transfer fo the 1933 Double Eagles to the possession of the United States.

33.     Plaintiffs contend that each 1933 Double Eagle at issue in this action is worth more than $500,000.  See Exh. S at 3.

                                      Respectfully,

                                      PATRICK L. MEEHAN
                                      United States Attorney

_____
VIRGINIA A. GIBSON
Assistant United States Attorney
Chief, Civil Division

_____
JOEL M. SWEET
Assistant United States Attorney

_____
JACQUELINE ROMERO
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Tel. (215) 861-8581
Fac. (215) 861-8349

*For All Defendants*

Of Counsel:

Daniel P. Shaver, Chief Counsel
Greg M. Weinman, Senior Counsel
United States Mint
801 9th Street NW
Washington, DC 20220

March 9, 2007