# EXHIBIT G

**Commonwealth of Pennsylvania**
**Register of Wills Office**
**County of Philadelphia**

I, Ronald R. Donatucci, Register of Wills and Ex-Officio Clerk of the Orphans'
Court Division of the Court of Common Pleas of Philadelphia County in the
Commonwealth of Pennsylvania, **DO CERTIFY** the foregoing to be a true and perfect
copy of the **LAST WILL** and **TESTAMENT of ISRAEL SWITT**, deceased

dated **APRIL 28,1981**, upon which **LETTERS OF TESTAMETNARY** were

granted unto **STANTON LANGBORD, EXECUTOR** on **MARCH 22,1990,**

together with **COPY of PETITION,WITNESSES OATH** and **DECREE.**

**INVENTORY** filed **NOVEMBER 7, 1990** and **INHERITANCE TAX RETURN**

filed **OCTOBER 18,1990** together with **SCHEDULES of DISTRIBU-**
                                          dated
**TATIONS, STATUS REPORT** and **RECIEPT#OCTOBER 17,1990.**

I further certify that the **WILL** was duly proved, probated

and decreed agreeably ot the **LAWS** and **USAGES** of the **COMMONWEALTH**

of **PENNSYLVANIA.**

as the same remains on file and of record in this office.

In testimony whereof, I have hereunto set my hand and affixed the seal of said
Court, this _____27th_____ day of _____FEBRUARY_____ in the year of our Lord
Two Thousand and _____07_____ (200**7**).

**RONALD R. DONATUCCI, ESQUIRE**
**REGISTER OF WILLS &**
**CLERK OF THE ORPHANS' COURT**

<u>LAST WILL AND TESTAMENT</u>

I, ISRAEL SWITT, of Philadelphia, Pennsylvania do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all Wills and Codicils at any time heretofore made by me.

FIRST:            DEBTS AND EXPENSES.   I direct the payment of the expenses of my last illness and funeral and of my debts as to which there are no defenses at law or equity as soon after my death as may be convenient.

SECOND:          PERPETUAL CARE AND MEMORIALS. I direct my Executors to pay out of my estate the cost of the perpetual care and maintenance of the burial plot in which I shall be buried, should arrangements for such care and maintenance not have been concluded and paid for by me prior to my death; and also to pay the cost of an appropriate tombstone and memorial plaque.

THIRD:           TANGIBLE PERSONAL PROPERTY. A.  I give all of my personal effects, household goods and automobiles and all policies of insurance relating to these things, to my wife, ELIZABETH G. SWITT, if she survives me.

B.  If my wife, ELIZABETH G. SWITT, does not survive me, I give the items above mentioned to such of the issue of my daughter, JOAN LANGBORD, as survive my death, such issue to take per stirpes.

FOURTH:          MARITAL DEDUCTION TRUST. A.  If my wife, ELIZABETH G. SWITT, survives me, I give to my Trustees hereinafter named an amount equal to the maximum estate tax marital deduction allowable in determining the federal estate tax on my estate, reduced by the value, as finally determined for federal estate tax purposes, of the interests in property passing to my wife, ELIZABETH G. SWITT, by operation of law or otherwise, which interests qualify for the federal estate tax marital deduction and reduced further by the amount, if any, needed to increase my taxable estate (determined as if the maximum federal estate tax marital deduction were allowed) to the largest amount that will, after taking into account all allowable credits, exclusions and deductions (other than the marital deduction), result in no federal estate tax on my estate.   My Executors shall have the discretion to allocate and designate the cash and other property which shall constitute the corpus of this trust; provided, however that there shall not be allocated to this trust:

-1-

(1)   any property or the proceeds of any property which would not qualify for the marital deduction allowable in determining the federal estate tax on my estate;

(2)   any amount which would constitute income in respect of a decedent under the applicable provisions of the Internal Revenue Code; and

(3)   any property or funds which are excludable from federal estate taxation under the provisions of section 2039 of the Internal Revenue Code.

My wife, ELIZABETH G. SWITT, shall have the power at any time and from time to time to compel my Trustees to convert any unproductive or underproductive property by delivering to my Trustees a written directive to that effect.

My Executors are hereby authorized to make distribution to this trust in kind, but only at fair market value on the date or dates of distribution.

The decisions of my Executors under the foregoing provisions shall be final, conclusive and binding on all beneficiaries.

B.   The portion of my estate which is given to my Trustees under this Clause FOURTH shall be held in a separate trust, the net income and principal of which shall be disposed of as follows:

(1)   My Trustees shall distribute all of the net income to my wife, ELIZABETH G. SWITT, during her lifetime, in annual or more frequent periodic installments.

(2)   My Trustees shall distribute to my wife, ELIZABETH G. SWITT, such portions of the principal of this Trust as she may from time to time request in writing.

(3)   In the event that my wife, ELIZABETH G. SWITT, should, in the exclusive judgment of my Trustees become mentally or physically incapacitated, such Trustees are authorized in their exclusive discretion, to expend from income or principal such sums as may be appropriate for the comfort, care, maintenance and support of my said wife, directly, without the intervention of a guardian or committee; provided, however, that no income shall be accumulated.

(4)   Upon the death of my wife, ELIZABETH G. SWITT, the principal of this Trust then remaining shall be distributed to such beneficiary or beneficiaries (which may be or include her estate), in such amounts or proportions, on such terms and conditions, and subject to such trusts or limitations, as my said wife may appoint by her Last Will and Testament executed after my death, making specific reference therein to this power of appointment.

-2-

REGISTEROFWILLS0007

(5)   Upon the death of my wife, ELIZABETH G.
SWITT, to the extent that she fails effectively to exercise
the foregoing power of appointment, the principal of this
Trust then remaining (subject to payment from such unappointed
principal of the increase in estate, inheritance, transfer
and succession taxes, federal, state or foreign, attributable
to the inclusion in her estate of said principal), shall be
distributed to my issue who survive me, per stirpes.

C.   If my wife, ELIZABETH G. SWITT, does not
survive me, the gift provided in this Clause FOURTH shall
lapse and shall be distributed as part of my residuary estate
under the provisions of Clause FIFTH.

FIFTH:   RESIDUARY ESTATE.   I give the balance of
my estate as follows:

A.   To the extent that, after the allocation, if
any, of assets to the Marital Deduction Trust under Clause
FOURTH, there shall be remaining any portion of my interest
in the Partnership presently doing business under the name
Switt & Silver, or the successor thereof, I give the same to
my daughter, JOAN LANGBORD, if she survives me, but in the
event she fails to survive me, the said gift shall lapse and
be distributed in accordance with the provisions of subparagraph
B of this Clause FIFTH.

B.   I give the balance of my estate to my Trustees
hereinafter named, to be held in a separate trust, the net
income and principal of which shall be disposed of as follows:

(1)   During the lifetime of my wife, ELIZABETH
G. SWITT, my Trustees shall pay over the net income of this
trust estate to my wife, ELIZABETH G. SWITT, in annual or
more frequent installments.   In addition, my Trustees may
distribute or apply so much of the principal as such Trustees,
in their sole discretion, may deem necessary to provide for
the comfort, care, maintenance and support of my wife, ELIZABETH
G. SWITT.   In exercising their discretion to pay principal
to my wife, ELIZABETH G. SWITT, under this subparagraph, my
Trustees shall take into account the standard of living to
which my wife, ELIZABETH G. SWITT, shall have been accustomed
at the date of my death.

(2)   My Trustees shall distribute to my wife,
ELIZABETH G. SWITT, such portion of the principal as she may
from time to time request in writing, provided that the
aggregate of such distributions in any year shall not exceed
the sum of Five Thousand Dollars ($5,000.00) or five percent
(5%) of the value of the trust principal (determined as of
the end of such year), whichever is greater, and provided,
further, that my wife's right to require such distributions
of principal shall lapse to the extent it is not exercised
in any such year.   The years for which this provision shall

-3-

REGISTEROFWILLS0008

be applicable shall be computed from the date of my death.

(3)  During her lifetime, my wife, ELIZABETH G. SWITT, shall have the right at any time, and from time to time, to make gifts of the principal, without limitation, to and among my issue, or any of them, in such amounts or proportions, on such terms and conditions, and subject to such trusts or limitations, as my said wife may in writing set forth.

(4)  If my Trustees, in their sole discretion, determine that it is desirable to do so, my Trustees may, without further responsibility, terminate the Trust under this Clause FIFTH and pay the then remaining principal and any accumulated and undistributed income of such trust to my wife, ELIZABETH G. SWITT, if she is then living.

(5)  Upon the death of my wife, ELIZABETH G. SWITT, or upon my death in the event my wife predeceases me, the principal and any accumulated and undistributed income then remaining shall be distributed to the then-living issue of my daughter, JOAN LANGBORD, such issue to take per stirpes.

SIXTH:          DISABILITY PROVISION.  Except as otherwise provided hereunder, if at the time provided for any distribution of income or principal, the beneficiary entitled thereto shall be a minor, or shall have been adjudicated an incompetent, or shall be, in the sole discretion of my Executors or Trustees, as the case may be, disabled by reason of advanced age, illness or other cause, the title to the property to be distributed shall vest in such beneficiary, but during the existence of such disability the income or principal to which such beneficiary is entitled may be retained by my Trustees, who in that event shall hold, invest or reinvest it and use as much of such income or principal as they, in their sole discretion, may deem appropriate, for the support, maintenance, education and welfare of the beneficiary, either by the direct payment of bills or by payment to such person or persons as my Trustees may select, without the intervention of a guardian, committee or other fiduciary. The receipt of any payee authorized hereunder shall be a full and complete discharge of my Trustees with respect to such payment.  Upon termination of the disability, the unexpended income and principal shall be distributed to the beneficiary. If the beneficiary dies during the existence of the disability, the unexpended income and principal shall be distributed to the personal representatives of his or her estate.  No fiduciary shall participate in the exercise of any power under this Clause SIXTH who is a beneficiary with respect to whose interests this Clause SIXTH may be invoked.  The provisions of this Clause SIXTH shall not apply to the interest of my wife, ELIZABETH G. SWITT, in the marital deduction trust created under Clause FOURTH hereof.

-4-

REGISTEROFWILLS0009

SEVENTH:          PRESUMPTION OF SURVIVORSHIP.  For purposes of Clause FOURTH hereof, should my wife, ELIZABETH G. SWITT, and I perish in a common disaster, or under circumstances which make it difficult to determine which of us died first, I direct that my said wife shall be deemed to have survived me, notwithstanding any other provision of this Will or any provision of law to the contrary.

EIGHTH:          SPENDTHRIFT PROVISION.  As long as any income or principal to which any beneficiary under my Will may be entitled remains in the possession of the beneficiary, such income or principal shall not be subject to anticipation or alienation by the beneficiary by assignment or by any other means, and it shall be free and clear of the beneficiary's debts and obligations and shall not be taken, seized or attached by any process whatsoever.

NINTH:          PROVISIONS RESPECTING TAXES.  All inheritance, estate, transfer and succession taxes, federal state and foreign, payable by reason of my death, and any interest or penalty thereon, with respect to all property includible for such tax purposes, whether or not passing under my Will and without apportionment between temporary estates and remainders, shall be paid first out of the balance of my estate passing under the provisions of Clause FIFTH B and, except as aforesaid, with no right of reimbursement from the beneficiary or owner of any other property.  No asset forming part of any trust or other gift which is not includible in my estate for federal estate tax purposes shall be used to pay any inheritance, estate, transfer or succession tax payable by reason of my death.  I authorize my Executors to compromise, settle and adjust all such taxes at such time or times as they may deem advisable.

The decision of my Executors as to (a) the date or dates which shall be selected for the valuation of property in my estate for federal estate tax purposes, and (b) the treatment of certain deductions as income tax deductions rather than as estate tax deductions (without the necessity for adjustment of income or principal accounts of my estate), shall be conclusive on all concerned.  The discretion thus conferred upon my Executors is made in full recognition of the fact that the manner in which such discretion is exercised may affect the amount of the marital deduction trust under Clause FOURTH hereof.

My Executors may join with my wife, ELIZABETH G. SWITT, in her individual capacity, or with her personal representatives, in joint income tax returns, or in gift tax returns for any gifts made by her prior to my death, without requiring my wife or her personal representatives to indemnify my estate against liability to it for tax attributable to her.

-5-

REGISTEROFWILLS0010

TENTH:            POWERS OF EXECUTORS AND TRUSTEES.
In addition to the powers conferred upon them by law or
other provisions of my Will, my Executors and Trustees and
their successors shall have the following powers, which they
may exercise as often as they may deem advisable, without
application to, or approval by, any court:

A.   To retain all or any part of the property
comprising my estate at the time of my death, as long as
they may deem advisable.

B.   To sell at public or private sale, for cash or
credit, with or without security, and exchange or partition,
any property held hereunder, and to give options for sales
or exchanges.

C.   To invest and reinvest funds (including any
income accumulations authorized hereunder) in such stocks,
whether common or preferred, bonds, obligations, investment
companies, investment trusts, or other real or personal
property, as my fiduciaries may select, without the require-
ment of diversification, and without regard to restrictions
upon fiduciary investments imposed by any present or future
statute, rule of court, or court decision of any jurisdiction.

D.   To hold, manage, operate, repair, alter or
improve real estate and other property upon such terms and
for such periods (even if in excess of the term authorized
by statute and extending beyond the term of any trust) as my
fiduciaries deem advisable.  In connection with said real
estate, or any personal property, they shall also have the
full power to sign, execute and deliver any unrestricted
bond and mortgage in their capacity as fiduciaries, binding
my estate or any trust therefor, and to sign, execute and
deliver any lease with or without options to purchase, and
to reserve in said lease either fixed rentals, rentals based
upon the amount of business or profits of the lessees, or
rentals based upon any other condition as they deem advisable.

E.   Subject to the provisions of Clause FOURTH, to
make distributions hereunder in cash or in kind, and to
allocate particular assets or portions thereof or undivided
interests therein to any one or more of the beneficiaries
hereunder, taking into account the income tax bases of such
assets, as the appropriate fiduciary, in his sole discretion,
shall deem advisable.

F.   To renew or extend the time for payment of any
obligation, secured or unsecured, for such period or periods,
and on such terms, as they may deem advisable.

G.   To borrow money from themselves or others for
the purpose of paying debts of my estate, taxes, or estate
or trust administration expenses, or for the protection or

-6-

REGISTEROFWILLS0011

improvement of any property held hereunder, to execute promissory notes or other obligations for amounts so borrowed, and to secure the repayment thereof by mortgage or pledge of any property held hereunder.

H.   To vote any security held hereunder in person or by proxy; to join in or become a party to any reorganization, readjustment, merger, voting trust, consolidation or exchange, and to deposit any such security with any committee, depository, trustee or otherwise, and to pay any fee, expense or assessment incurred in connection therewith; and to exercise conversion, subscription or other rights, or to sell or abandon such rights.

I.   To adjust, settle, compromise, arbitrate or abandon, or sue on or defend any claim by or against my estate or any trust, as they may deem advisable.

J.   To employ as custodian or agent a bank or trust company; to have securities registered in the name of such bank or trust company or its nominee without designation of fiduciary capacity; to appoint such bank or trust company agent to receive and disburse any income; and to pay the charges and expenses of such custodian or agent.

K.   To employ agents, brokers, accountants, attorneys and investment counsel.

L.   To select one or more depositories and to authorize payment out of any account on checks signed by such person or persons as they may designate in writing, and to delegate in writing access to any safe deposit box or boxes they may rent.

M.   If at any time following my death, a trust or trusts are, or have been, established for the benefit of my children, and if the dispositive provisions of such trust or trusts are substantially the same as the dispositive provisions of a trust or trusts created hereunder, my Trustees are authorized to distribute the principal of any such trust or trusts hereunder, to be added to such other trust or trusts and held, administered and disposed of thereunder, in which event the receipt of the Trustees then serving under such other trust or trusts shall completely discharge my Trustees; or, in the alternative, my Trustees are authorized to accept and deliver a receipt therefor, and to add such principal to the principal of the trust or trusts hereunder, to be held, administered and disposed of in accordance with the terms hereof as if originally forming a part of such trust or trusts hereunder.

N.   To conduct any business in which I am engaged, or in which I have an interest at the time of my death, for such periods as they may deem proper, with power to borrow money and pledge the assets of the business and with power to do all other acts that I, in my lifetime, could have

-7-

done, or to delegate such powers to any partner, manager, or employee, without liability for any loss occurring therefrom; provided, however, that no asset of my estate, other than that which I shall have devoted to such business at the time of my death, shall be used therein or be liable for the debts and contracts of such business; to make public or private sale of such business, and the real and personal property thereof, at such time or times, for such price or prices, and upon such terms, with or without security for the purchase price, as they may deem best, and to execute all necessary assignments or conveyances to the purchasers, without liability on the part of the purchasers to see to the application of the purchase money.

My Executors and Trustees shall, in their sole discretion, determine whether any business interest which I may own at the time of my death shall be continued or liquidated, and they shall have the complete authority to determine the manner and conditions under which their decision in this respect shall be accomplished.  I authorize my Executors and Trustees, if they deem it wise, and without being required to obtain leave of court, to enter into an agreement of partnership with my business associates, if there by any, or to organize a corporation to carry on said business by themselves or jointly with others, and to contribute all or part of any interest in said business as capital to such partnership or corporation.  Nothing herein contained shall be construed to prohibit my Executors or Trustees from being employed in any business interest referred to herein, and receiving compensation for such services as employees, nor to prohibit them from owning individually an interest therein.

ELEVENTH:     PROVISIONS RESPECTING QUALIFICATION FOR MARITAL DEDUCTION.  In accordance with my desire and intent that the trust, if any, under Clause FOURTH shall qualify for the federal estate tax marital deduction, I direct that my fiduciaries, in the administration of my estate and the trust, under Clause FOURTH, and in the exercise of any power relating thereto, regardless of any other provision of my Will, shall use the degree of judgment and care which a prudent man would exercise if he were the owner of the assets comprising such gift.  Moreover, I direct that all provisions of this Will affecting the trust under Clause FOURTH shall be so construed that they will not impair the validity of the said trust for purposes of the marital deduction under the applicable provisions of the Internal Revenue Code, and I direct further that insofar as any such provision may affect adversely the validity of such trust for purposes of the marital deduction, it shall be disregarded and become inoperative.

TWELFTH:     PROTECTION OF THIRD PARTIES.  No person dealing with my Executors or Trustees or their successors shall be bound to see to the application of any purchase money or other consideration, or to inquire into the validity, necessity or propriety of any transaction to which such fiduciaries may be a party.

-8-

REGISTEROFWILLS0013

THIRTEENTH:      POWERS OF APPOINTMENT:  NON-EXERCISE.
In the event I posses any power of appointment under the
Will of my wife, ELIZABETH G. SWITT, or under any trust
Agreement made by my said wife as Grantor or Settlor, I
hereby declare my intention not to exercise any such power
to any extent, and I direct that nothing contained in my
Will shall be construed to effectuate such an exercise.

FOURTEENTH:      RIGHTS IN INCOME.  Each Trust hereunder
shall be entitled to a proportionate share of income accruing
from the event as of which it is to be set apart and, pending
actual division, distributions of income and principal may
be made directly to a Trust or, subject to the terms thereof,
to the beneficiaries of the Trust.  All income undistributed
at a beneficiary's death shall be treated as if it had accrued
thereafter.

FIFTEENTH:       DEFINITIONS; HEADINGS.  Whenever
appropriate in this Will, the singular shall be taken to
include the plural, and vice versa; the masculine to include
the feminine, and vice versa; and each of them to include
the neuter, and vice versa.

For all purposes hereunder, the word "property"
shall be taken to include real and personal property and any
interest of any kind in any real or personal property; and
the word "give" shall be taken to include the words "devise"
and "bequeath" wherever appropriate  in order to effectuate
the testamentary transfer of real or personal property.

For all purposes hereunder, adopted children of
any person shall be considered to have exactly the same
status as though they were children born to that person.

All references herein to a minor shall mean anyone
who has not attained twenty-one (21) years of age.

The headings or titles of the seventeen (17) clauses
of this Will are provided only for convenience of reference
and shall not be used to restrict or explain the meaning,
purpose or effect of any of the provisions to which they
refer.

SIXTEENTH:       EXECUTORS AND TRUSTEES.  I appoint
my wife, ELIZABETH G. SWITT, and my son-in-law, STANTON
LANGBORD, Executors and Trustees under this my Will.  In the
event of the death, resignation or inability of either of
them to serve, such fiduciary shall have the right to appoint
another person or corporation to fill such vacancy, but in
the event that such fiduciary shall not have appointed his
or her successor, I appoint/oy ᴌ ᴀ̄ᴺ̄ᴮᴏ̄ᴿᴰ̄ as such successor.
Anything to the contrary contained herein notwithstanding,
my wife while acting as a fiduciary hereunder, shall not
participate in any discretionary decision pertaining to her
benefits hereunder.

-9-

REGISTEROFWILLS0014

Whenever the words "Executor" or "Trustee" or any modifying or substituted pronoun therefor is used in this my Will, such words and respective pronouns shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof, and shall apply equally to the fiduciary named herein and to any successor or substitute fiduciary acting hereunder, and such successor or substitute fiduciary shall possess all the rights, powers, duties, authority and responsibility conferred upon the fiduciary originally named herein.

SEVENTEENTH:   WAIVER OF BOND.   No fiduciary hereunder shall be required to file bond or enter security in any jurisdiction, any rule of law to the contrary notwithstanding.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Will composed in all of ten (10) pages exclusive of attestation clause this         day of ,. 1981.

_____ (SEAL)
ISRAEL SWITT

SIGNED, SEALED, PUBLISHED and DECLARED by the above-named Testator, ISRAEL SWITT, as and for his Last Will and Testament, in the presence of us, who at his request, in his presence, and in the presence of each other, all being present at the same time, have hereunto set our hand as witnesses.

_____ ADDRESS 1845 Walnut St, Phila, Pa.

_____ ADDRESS

_____ ADDRESS 302 W. 77th St. N.Y., N.Y.

REGISTEROFWILLS0015

*Will*

# PETITION FOR PROBATE and GRANT OF LETTERS

*Estate of* ISRAEL SWITT .................................... No. *1858* , 19 *90*

*also known as* ......................................................

To: RONALD R. DONATUCCI

.........................................................................

Register of Wills for the

........................................................., *Deceased.*

County of Philadelphia

*Social Security No.* 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 ...........................

Commonwealth of Pennsylvania

The petition of the undersigned respectfully represents that:

Your petitioner(s) is/are 18 years of age or older and the Personal Representative(s) named in the will

of above decedent, dated April 28 ........ 19 81 and codicil(s) dated × .......................................

.................................................................................................................................

.................................................................................................................................

.................................................................................................................................

(state relevant circumstances, e.g. renunciation, death of executor, etc.)

Decedent was domiciled at death in Philadelphia County, Pennsylvania, with his/her last family

or principal residence at 5325 Old York Road, Philadelphia, PA 19141 .................................

...................................................................................................................................

(list street, number and zip code)

Decedent, then 95 years of age, died January 18 ..................................... 19 90 ,

at Pennsylvania Hospital, Philadelphia, Pennsylvania ......................................................

Except as follows, decedent did not marry; was not divorced; did not have a child born or adopted

after execution of the will offered for probate; was not the victim of a killing and was never

adjudicated incompetent: None .........................................................................................

Decedent at death owned property with estimated values as follows:

| | | |
|---|---|---|
| (If domiciled in Pa.) | Personal property | $ 200,000 plus |
| (If not domiciled in Pa.) | Personal property in Pennsylvania and | $ |
| | Personal property in Philadelphia County | $ |
| Value of real estate in Pennsylvania | | $ 40,000 plus |

situated as follows: 4716 Osage Avenue, Philadelphia, Pennsylvania

...................................................................................................................................

...................................................................................................................................

WHEREFORE, petitioner(s) respectfully request(s) the probate of the last will and codicil(s)

presented herewith and the grant of letters testamentary .......................................... thereon.

(testamentary; administration c.t.a.: administration d.b.n.c.t.a.)

×............................................................

Stanton Langbord

2401 Pennsylvania Avenue

Apartment 11B-21

Philadelphia, PA 19130

| | | |
|---|---|---|
| 01 | WILL | 12235144 |
| 03 | CERTIF | 300.00 |
| 04 | RENUN | 24.00 |
| 05 | INVENT | 4.00 |
| 17 | TAX | 6.00 |
| 02-22-90 102550 | TOTAL | 60.00 |
| | CHECK | 394.00 |

Signature(s) and Residence(s) of Petitioner(s)

10-21 (Rev. 12/80)

REGISTEROFWILLS0016

OATH OF PERSONAL REPRESENTATIVES

COMMONWEALTH OF PENNSYLVANIA  } SS
COUNTY OF PHILADELPHIA

The petitioner(x) above-named swear(s) or affirm(s) that the statements in the foregoing petition are true and correct to the best of the knowledge and belief of petitioner(x) and that as Personal Representative(s) of the above decedent petitioner(x) will well and truly administer the estate according to law.

Sworn to or affirmed and subscribed before me this _____ day of _____ 19____

_____
Deputy Register

_____
Stanton Langbord
_____
_____
_____

Signature(s)

No. 1858 , 19 90

Estate of ...... ISRAEL SWITT ......

also known as .................................. Deceased

## DECREE OF PROBATE AND GRANT OF LETTERS

AND NOW, ................ 19 90 ..., in consideration of the petition on the reverse side satisfactory proof having been presented before me. IT IS DECREED that the instrument(s) dated April 28, 1981 ......, described therein be admitted to probate and filed of record as the last will and codicil(s) of the above named decedent and Letters Testamentary ...... are hereby granted to Stanton Langbord ......

.............................................

FEES

Probate . . . . . . . . . . . . . . . $ ...........
Short Certificate (s) . . . . . . . $ ...........
Renunciation (s) . . . . . . . . . . $ ...........
Bond Waiver (s) . . . . . . . . . . $ ...........
Affidavit (s) . . . . . . . . . . . . $ ...........
Tax . . . . . . . . . . . . . . . . . $ ...........
            TOTAL . . . . . . $ ...........
Filed . . . . . . . . . . . A.D. 19 ....

10-21 (Rev. 12/80) (Reverse)

_____
Register of Wills

Stephen B. Narin, Esq. #03615
ATTORNEY (Sup. Ct. I.D. No.)
Krekstein, Wolfson & Krekstein, P.C.
1760 Market St., Philadelphia, PA 19103
ADDRESS

(215) 561-6400
PHONE

REGISTEROFWILLS0017

*Will No.*

**1858-90**

LETTERS TESTAMENTARY

**REGISTER'S OFFICE**

PHILADELPHIA COUNTY, PA.

Certificate of Grant of Letters

Seal

ESTATE OF ....ISRAEL..SWITT..................................................

..............................................................................................

..............................................................................................

..............................................................................................

Social Security No. ...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..........................

WHEREAS, on the .22ND. day of .......MARCH............................................ 19..90... the last will of

................ISRAEL..SWITT................................................................ late of ..............................

.................PHILADELPHIA..COUNTY...................., who died on the .18TH.... day of ...JANUARY.......

19..90....., was proved and admitted to probate, and

WHEREAS, a true copy of the will as probated in annexed hereto.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Test-
amentary and of Administration, in and for the County of Philadelphia, in the Commonwealth of Pen-
nsylvania, hereby certify that I have granted Letters ........TESTAMENTARY...............................................

......................................................................... to .........STATON..LANGBORD...............................

.........  .......................................................................................................................................

..............................................................................................................................................

who ha...S....... duly qualified as .....EXECUTOR........................................................................

who ha....S......... agreed to administer the estate according to law, all of which fully appear of record in the

Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at

Philadelphia, the .22ND.... day of .....MARCH............................... 19...90........

*William L. Miller IV*

**Deputy** *Register*

10-38 (Rev. 12/79)

REGISTER OF WILLS OF PHILADELPHIA COUNTY

OATH OF SUBSCRIBING WITNESS

.......................................................... codicil ..................................................................

(each) a subscribing witness to the ... will. presented herewith, (each) being duly qualified according to
law deposes and says that ........................... present and saw ....................................................
..........................................., the testat ............ sign the same and that .................. signed as a witness at the
request of testat........ in h........ presence and (in the presence of each other) (in the presence of the
other subscribing witness(es):

Sworn to and subscribed before
me this .....................day of
.....................19.....
.....................
For The *Register of Wills*

_____
(Name)

_____
(Address)

_____
(Name)

_____
(Address)

10-19 (Rev. 7/79)

REGISTEROFWILLS0019

FILE IN DUPLICATE
COPY   NEED NOT BE SWORN TO

Will No. 1858 _____ 19 90 _____                Filed ✓

### REGISTER OF WILLS

COMMONWEALTH OF PENNSYLVANIA } ss.
COUNTY OF PHILADELPHIA

# INVENTORY

Stanton Langbord

Personal
Representative(X)   of the Estate of   Isreal Swltt

ISRAEL SWITT

deceased, being duly sworn according to law, deposes and says that the items appearing in the following inventory include all of the personal assets wherever situate and all of the real estate in the Commonwealth of Pennsylvania of said decedent, that the valuation placed opposite each item of said inventory represents its fair value as of the date of the decedent's death, and that decedent owned no real estate outside of the Commonwealth of Pennsylvania except that which appears in a memorandum at the end of this inventory.

Sworn to and subscribed before me this

12th _____ day of

October _____ A.D. 19 90                Stanton Langbord

Theresa Agnes Novack _____

Notarial Seal
Theresa Agnes Novack, Notary Public
Philadelphia, Philadelphia County
My Commission Expires June 23, 1994
Member, Pennsylvania Association of Notaries

Attorney — (Name) Stephen B. Narin, Esquire          (Sup. Ct. I.D. No.)

(Address) Krekstein, Wolfson & Krekstein, P.C., 1760 Market Street, Phila., PA 19103

| DATE OF DEATH | LAST RESIDENCE | DECEDENT'S SOCIAL SECURITY NO. |
|---|---|---|
| January 18, 1990 | 4716 Osage Avenue, Philadelphia, PA 19143 | 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A |

1. **Real Estate**

   Residence of Decedent,
   Lot and House located at:
   4716 Osage Avenue
   Philadelphia, PA 19143                                    $ 76,415.00

2. **Stocks and Bonds**

   See Exhibit "A"                                           $103,897.78

3. **Closely Held Partnership**

   Fifty percent (50%) in the general partnership
   Switt & Silver located at 130 South 8th Street,
   Philadelphia, PA                                          $439,698.00

4. **Cash and Miscellaneous Personal Property**

   See Exhibit "B"                                           $109,973.38

                                             Total:          $729,984.16

RECEIVED
NOV 7 1990
REGISTER OF WILLS

---

**NOTE:** The Memorandum of real estate outside the Commonwealth of Pennsylvania may, at the election of the personal representative include the value of each item, but such figures should not be extended into the total of the Inventory. (See Section 3301 (b) of PEF Code of 1972.)

This form to be used only in estates of persons dying on or after February 23, 1956.

10-24 (Rev. 7/81)

REGISTEROFWILLS0020

REV-1500 EX • (8-83)

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF REVENUE**
**BUREAU OF EXAMINATION**
P.O. BOX 8327
HARRISBURG, PA 17105

## INHERITANCE TAX RETURN
## RESIDENT DECEDENT
### (TO BE FILED IN DUPLICATE
### WITH REGISTER OF WILLS)

FILE NUMBER | W 1858 of 199

| DECEDENT | | |
|---|---|---|
| **DECEDENT'S NAME (LAST, FIRST, AND MIDDLE INITIAL)** | | **DECEDENT'S ADDRESS** |
| Switt, Israel | | 5325 Old York Road |
| **SOCIAL SECURITY NUMBER** | **DATE OF DEATH** | Philadelphia, PA  19141 |
| 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 | Jan. 18, 1990 | Philadelphia |
| | | County |

**CHECK APPROPRIATE BLOCKS**

| | | |
|---|---|---|
| ☒ 1. Original Return | ☐ 2. Supplemental Return | ☐ 3. Remainder Return |
| ☐ 4. Life Estate | ☐ 4a. Future Interest Compromise | ☒ 5. Federal Estate Tax Return Required |
| ☒ 6. Decedent died testate (Attach copy of Will) | ☐ 7. Decedent maintained a living trust (Attach copy of trust) | 0  8. Total Number of safe deposit boxes |

**CORRESPONDENT**

ALL CORRESPONDENCE AND CONFIDENTIAL TAX INFORMATION SHOULD BE DIRECTED TO:

| NAME | ADDRESS |
|---|---|
| Stephen B. Narin, Esquire | Krekstein, Wolfson & Krekstein, P.C. |
| | 1760 Market Street, 13th Floor |
| **TELEPHONE NUMBER** | Philadelphia, PA  19103 |
| (215) 561-6400 | CITY            STATE            ZIP |

**RECAPITULATION**

| | | |
|---|---|---|
| 1. Real Estate (Schedule A) | ( 1) | 71,300.00 |
| 2. Stocks and Bonds (Schedule B) | ( 2) | 103,897.78 |
| 3. Closely Held Stock/Partnership Interest (Schedule C) | ( 3) | 439,698.00 |
| 4. Mortgages and Notes Receivable (Schedule D) | ( 4) | 0.00 |
| 5. Cash, Bank Deposits & Miscellaneous Personal Property (Schedule E) | ( 5) | 109,973.38 |
| 6. Jointly Owned Property (Schedule F) | ( 6) | 251,577.88 |
| 7. Transfers (Schedule G) (Schedule L) | ( 7) | 12,109.09 |
| 8. Total Gross Assets (total lines 1-7) | ( 8) | 989,056.13 |
| 9. Funeral Expenses, Administrative Costs, Miscellaneous Expenses (Schedule H) | ( 9) | 28,012.81 |
| 10. Debts, Mortgage Liabilities, Liens (Schedule I) | (10) | 17,257.08 |
| 11. Total Deductions (total lines 9 & 10) | (11) | 45,269.89 |
| 12. Net Value of Estate (line 8 minus line 11) | (12) | 943,786.24 |
| 13. Charitable and Governmental Bequests (Schedule J) | (13) | 0.00 |
| 14. Net Value subject to tax (line 12 minus line 13) | (14) | 943,786.24 |

722,369.15

REQUIRED
OCT 18 1990
DEPARTMENT OF REVENUE
Philadelphia District Office #16
Bureau of Collections and Taxpayer Services

**TAX COMPUTATION**

| | | | |
|---|---|---|---|
| 15. Amount of line 14 taxable at 6% rate (include values from Schedule K or Schedule M) | (15) | 943,786.24 × .06 = | 56,627.17 |
| 16. Amount of line 14 taxable at 15% rate (include values from Schedule K or Schedule M) | (16) | × .15 = | 0.00 |
| 17. Principal tax due (add tax from line 15 plus tax from line 16) | | (17) | 56,627.17 |
| 18. Total Prior payments:  Amount Paid  48,000.00 + Discount 2,526.32 − Interest 0.00 | | (18) | 50,526.32 |
| 19. If line 18 is greater than line 17, enter the difference on line 19. This is the OVERPAYMENT. | | (19) | 0.00 |
| A.  ☐ Check here if you are requesting a refund of your overpayment. | | | |
| 20. If line 17 is greater than line 18, enter the difference on line 20. This is the BALANCE DUE. | | (20) | 6,100.85 |
| A. Enter the interest on the balance due on line 20A. | | (20A) | 0.00 |
| B. Enter the total of line 20 and 20A on line 20B. | | (20B) | 6,100.85 |

**Make Check Payable to: Register of Wills, Agent**

**➤➤ BE SURE TO ANSWER ALL QUESTIONS ON REVERSE SIDE AND TO RECHECK MATH ◄◄**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct and complete. I declare that all real estate has been reported at true market value. Declaration of preparer other than the personal representative is based on all information of which preparer has any knowledge.

| | | |
|---|---|---|
| SIGNATURE OF PERSON RESPONSIBLE FOR FILING RETURN | ADDRESS | DATE |
| SIGNATURE OF PREPARER OTHER THAN REPRESENTATIVE | 1760 Market St, Phila PA 19103   ADDRESS | DATE |

REGISTEROFWILLS0021

REV-1502 EX+ (12-85)



COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

**SCHEDULE A
REAL ESTATE**

| ESTATE OF | Israel Switt | FILE NUMBER | W 1858 of 1990 |
|---|---|---|---|

(Property jointly-owned with Right of Survivorship must be disclosed on Schedule F) All real estate should be reported at fair market value which is defined as the price at which property would be exchanged between a willing buyer and a willing seller, neither being compelled to buy or sell, both having reasonable knowledge of the relevant facts.

| ITEM NUMBER | DESCRIPTION | VALUE AT DATE OF DEATH |
|---|---|---|
| 1. | Residence of Decedent, Lot and House located at: 4716 Osage Avenue Philadelphia, PA  19143 value based on purchase price of real estate as set forth in attached Agreement of Sale, $80,000, less estimated closing costs of $8,200.  (See attached Schedule). | $71,800.00 |
| | **TOTAL** (Also enter on line 1, Recapitulation) | $71,800.00 |

*(If more space is needed, insert additional sheets of same size.)*

REGISTEROFWILLS0022

ESTATE OF ISRAEL SWITT

FILE NUMBER W 1858 of 1990

SCHEDULE A - ESTIMATE OF CLOSING COSTS ON SALE OF
OSAGE PROPERTY

| | ITEM | AMOUNT |
|---|---|---|
| 1. | Realty Transfer Tax (4.92%) | $3,936.00 |
| 2. | Title Company Closing Fee | $ 20.00 |
| 3. | Brokers Sales Commission (5.00%) | $4,000.00 |
| 4. | Notary Fees | $ 25.00 |
| 5. | Municipal Certifications | $ 25.00 |
| 6. | Certificate for Termite Inspection | $ 65.00 |
| 7. | Pro Rated Real Estate Taxes | $ 129.00 |
| | TOTAL: | $8,200.00 |

REV-1503 EX + (4-86)



COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

## SCHEDULE B
## STOCKS AND BONDS

ESTATE OF                                                              FILE NUMBER

Israel Switt                                                           W 1858 of 1990

(All property jointly-owned with Right of Survivorship must be disclosed on Schedule F.)

| ITEM NUMBER | DESCRIPTION | VALUE AT DATE OF DEATH |
|---|---|---|
| 1. | 518 Shs., common, Adobe Resources Corp. | $ 6,506.08 |
| 2 | 100 Shs., common, Amerada Hess | $ 4,619.00 |
| 3 | 10 Shs., common, BancTexas Group, Inc. | $ 2.97 |
| 4 | 100 Shs., common, DPL, Inc. | $ 2,956.00 |
| 5 | 150 Shs., common, Delmarva Power & Light | $ 3,000.00 |
| 6 | 100 Shs., common, Detroit Edison | $ 2,394.00 |
| 7 | 100 Shs., common, Greyhound Corp. | $ 2,925.00 |
| 8 | 42 Shs., common, Hallwood Group, Inc. | $ 207.48 |
| 9 | 900 Shs., common, McDonalds Corp. | $ 28,746.00 |
| 10 | 700 Shs., common, Philadelphia Electric Company | $ 15,225.00 |
| 11 | 258 Shs., common, Strawbridge & Clothier | $ 8,449.50 |
| 12 | 500 Shs., common, Talley Industries | $ 4,845.00 |
| 13 | 675 Shs., Talley Industries, $1.00 Cv. Pfd. | $ 9,875.25 |
| 14 | 150 Shs., common, Tasty Baking Co. | $ 2,821.50 |
| 15 | 300 Shs., common, UGI Corp. | $ 11,007.00 |
| 16 | $300.00 face value, General Time Corp., 4.75%, Dtd. 8/1/79 (Company went bankrupt) | $ 0.00 |
| 17 | $400.00 face value, Hallwood Group, Inc. Subordinated Debentures, 13.5%, Due 7/31/09 | $ 318.00 |
| | **TOTAL** (Also enter on line 2, Recapitulation) | $103,897.78 |

(If more space is needed, insert additional sheets of same size.)

REGISTEROFWILLS0024

REV.150♭ EX+ (4-89)

COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

## SCHEDULE C
## CLOSELY HELD STOCK,
## PARTNERSHIP AND PROPRIETORSHIP

Please Print or Type

| ESTATE OF | FILE NUMBER |
|---|---|
| Israel Switt | W 1858 of 1990 |

(Schedule C-1 or C-2 must be attached for each business interest of the decedent, other than a proprietorship.)

| ITEM NUMBER | DESCRIPTION | VALUE AT DATE OF DEATH |
|---|---|---|
| 1. | Fifty percent (50%) interest in the general partnership Switt & Silver located at 130 South 8th Street, Philadelphia, PA<br>Value based on Partners' equity on December 31, 1989, $630,643.00; less the stated figure on December 31, 1989 for property and equipment, ($16,247.00); plus the appraised value of such property, $265,000.00; for a total partnership value of $879,396.00.  (Appraisal of land and building is attached hereto.) | $439,698.00 |
| | **TOTAL** (Also enter on line 3, Recapitulation) | $439,698.00 |

*(If more space is needed, insert additional sheets of same size.)*

REV-1506 FX+ (8-83)

COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

**SCHEDULE "C-2"
PARTNERSHIP
INTEREST REPORT**

**ESTATE OF**

Israel Switt

**FILE NUMBER**

1858-90

1. Name of Partnership  Switt and Silver

   Address  130 South 8th Street

   Philadelphia, Pennsylvania

   Federal I. D. Number  23-6012936
   (As per Form 1065)
   Date Business Commenced  approx. 1920

   Business Activity  jeweler

2. Classification of Partnership: ☒General  ☐Limited  ☐Other ____

   Decedent was a  general  partner. If decedent was a limited partner, provide initial investment $____

3.

| PARTNER'S NAMES | % OF INCOME | % OF OWNERSHIP | SALARY | BALANCE OF CAPITAL ACCOUNT |
|---|---|---|---|---|
| A. Israel Switt | 50% | 50% | 0 | 315,158 |
| B. Joan Langbord | 15% | 15% | 23,338 | 58,197 |
| C. Judith Silver Cohen | 35% | 35% | 0 | 257,288 |
| D. | | | | |

4. Estimated Value of decedent's interest: $ 439,698

5. Amount and type of partnership indebtedness to decedent at date of death: $ 0.00

6. Was there life insurance payable, upon the death of decedent, to the partnership? ☐Yes ☒No
   If yes, Cash Surrender Value: $____ Net proceeds payable: $____
   Owner of Policy: ____

7. Was there a written partnership agreement in effect at the time of the decedent's death? ☒Yes ☐No
   If yes, attach copy of agreement.

8. Did the partnership have an interest in any other partnerships or corporation? ☐Yes ☒No
   If yes, report the necessary information on a separate sheet, including Schedule "C-1" or "C-2" for each interest.

9. Did the decedent's interest in the partnership change in the year before death if the date of death was on or after 12/13/82 or if death occurred prior to 12/13/82 in the last two years? ☐Yes ☒No

   If yes, explain: ____

10. Was the decedent related to any of the other partners? ☒Yes ☐No

    If yes, explain: Decedent's daughter is Joan Langbord

11. Was the partnership dissolved or liquidated after decedent's death? ☐Yes ☒No
    If yes, report all the related information, including copies of the Sales Agreement and/or Settlement Sheet.

12. Was the decedent's stock sold? ☐Yes ☒No
    If yes, provide a copy of the agreement of sale, etc.

13. Please submit the following information:

    A. A detailed description showing the method of computation utilized in the valuation of the decedent's interest.

    B. Complete copies of financial statements or complete copies of the Federal Tax Returns (Form 1065) for the year of death and 4 preceding years.

    C. If the Company owned Real Estate, furnish a list showing the complete address/es and estimated Fair Market Value/s. If Real Estate Appraisals have been secured, please attach copies.

14. **ALL OTHER INFORMATION RELATIVE TO AFFIXING THE TRUE VALUE OF THE DECEDENT'S INTEREST SHOULD ACCOMPANY THIS SCHEDULE.**

REGISTEROFWILLS0026

REV.1508 EX+ (7 87)



**COMMONWEALTH OF PENNSYLVANIA**
**INHERITANCE TAX RETURN**
**RESIDENT DECEDENT**

## SCHEDULE E
### CASH, BANK DEPOSITS AND
### MISCELLANEOUS
### PERSONAL PROPERTY

Please Print or Type

| ESTATE OF | FILE NUMBER |
|---|---|
| Israel Switt | W 1858 of 1990 |

(All property jointly-owned with the Right of Survivorship must be disclosed on Schedule F)

| ITEM NUMBER | DESCRIPTION | VALUE AT DATE OF DEATH |
|---|---|---|
| 1 | Inter-County Health Plan, Inc., Benefits | $    39.24 |
| 2 | Advest Money Market, Account No. 510-11039 | $   933.73 |
| 3 | Alliance Capital Reserve, Money Market, Held in Advest Account, Account No. 510-11039 | $102,512.00 |
| 4 | Meridian Bank, Checking Account, Account No. 41047194 | $  1,074.28 |
| 5 | Refund of premium from Sun Life Assurance Company of Canada | $    69.80 |
| 6 | Settlement of Claim with Larry and Harriett Barsky | $   800.00 |
| 7 | Pro rated anniversary dividend from Metropolitan Life Insurance Company | $   273.60 |
| 8 | Dividend from United States Treasury on Veterans Administration Policy No. FK477555 | $   249.84 |
| 9 | Refund of Homeowner's Policy premium | $   520.89 |
| 10 | Settlement of Bonnie Glantz Fatell Dispute | $ 3,000.00 |
| 11 | Miscellaneous personal property | $   500.00 |
| | **TOTAL** (Also enter on line 5, Recapitulation) | $109,973.38 |

(Attach additional 8½" x 11" sheets if more space is needed.)

REGISTEROFWILLS0027

REV-1509 EX+ (12-8*)



COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

## SCHEDULE F
## JOINTLY-OWNED PROPERTY

| ESTATE OF | FILE NUMBER |
|---|---|
| ISRAEL SWITT | W 1858 of 1990 |

Joint tenant(s):

| | NAME | ADDRESS | RELATIONSHIP TO DECEDENT |
|---|---|---|---|
| A. | Joan Switt Langbord | 2401 Pennsylvania Avenue Apt. 11-B-21 Philadelphia, PA   19103 | DAUGHTER |
| B. | | | |
| C. | | | |

Jointly-owned property:

| ITEM NUMBER | LETTER FOR JOINT TENANT | DATE MADE JOINT | DESCRIPTION OF PROPERTY | TOTAL VALUE OF ASSET | DECD'S % INT. | DOLLAR VALUE OF DECEDENT'S INTEREST |
|---|---|---|---|---|---|---|
| 1. | | | SEE ATTACHED | | | |
| | | | **TOTAL** (Also enter on line 6, Recapitulation) | | | $ |

*(If more space is needed insert additional sheets of same size)*

REGISTEROFWILLS0028

## SCHEDULE F
## JOINTLY-HELD PROPERTY

| ITEM NO. | LETTER FOR JOINT TENANT | DATE MADE JOINT | DESCRIPTION OF PROPERTY | TOTAL VALUE OF ASSET | DECD'S % INT. | DOLLAR VALUE OF DECEDENT'S INTEREST |
|---|---|---|---|---|---|---|
| 1. | A | 7/23/85 | FSFS Account No. 05437894 | $67,828.07 | 50% | $ 33,914.04 |
| 2. | A | 1/25/79 | FSFS Account No. 01091746 | $19,493.59 | 50% | $ 9,746.80 |
| 3. | A | 4/7/82 | FSFS Account No. 61671441 | $19,106.25 | 50% | $ 9,553.12 |
| 4. | A | 12/29/78 | FSFS Account No. 61001702 | $19,706.77 | 50% | $ 9,853.38 |
| 5. | A | 6/29/78 | FSFS Account No. 61015616 | $19,706.77 | 50% | $ 9,853.39 |
| 6. | A | 8/4/81 | FSFS Account No. 61537079 | $18,161.55 | 50% | $ 9,080.78 |
| 7. | A | 1/26/81 | FSFS Account No. 61464040 | $58,523.63 | 50% | $ 29,261.82 |
| 8. | A | 7/9/81 | FSFS Account No. 6126783 | $18,409.41 | 50% | $ 9,204.70 |
| 9. | A | 7/9/81 | FSFS Account No. 6126788 | $36,818.92 | 50% | $ 18,409.46 |
| 10. | A | 7/16/81 | FSFS Account No. 61528457 | $20,983.30 | 50% | $ 10,491.65 |
| 11. | A | 8/7/81 | FSFS Account No. 61539779 | $19,424.66 | 50% | $ 9,712.33 |
| 12. | A | 2/9/82 | FSFS Account No. 61643243 | $19,430.15 | 50% | $ 9,715.08 |
| 13. | A | 8/27/87 | FSFS Account No. 62579965 | $11,916.04 | 50% | $ 5,958.02 |
| 14. | A | 8/27/87 | FSFS Account No. 62579968 | $11,916.04 | 50% | $ 5,958.02 |
| 15. | A | 4/24/81 | FSFS Account No. 61503497 | $21,685.84 | 50% | $ 10,842.92 |
| 16. | A | 1/7/82 | FSFS Account No. 61625835 | $36,818.92 | 50% | $ 18,409.46 |
| 17. | A | Unknown* | Atlantic Financial Account No. 222413146 | $21,411.05 | 50% | $ 10,705.52 |
| 18. | A | Unknown* | Atlantic Financial Account No. 222071494 | $19,625.91 | 50% | $ 9,812.95 |
| 19. | A | Unknown* | Atlantic Financial Account No. 220278881 | $39,188.88 | 50% | $ 19,594.44 |
| 20. | | 12/9/87 | Advest, Inc. Account No. 510-11039 1,000 Shs. Meritor Svgs Bk | $ 3,000.00 | 50% | $ 1,500.00 |
| | | | | | | $ 251,577.88 |

*All above listed Accounts have been held jointly for over one year.

REGISTEROFWILLS0029

REV-1510 EX + (2-87)



**COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT**

# SCHEDULE G
# TRANSFERS

*PLEASE PRINT OR TYPE*

**ESTATE OF**

Israel Switt

**FILE NUMBER**

W 1858 of 1990

**THIS SCHEDULE MUST BE COMPLETED AND FILED IF THE ANSWER TO ANY OF THE QUESTIONS ON THE REVERSE SIDE OF THE COVER SHEET IS YES.**

| ITEM NUMBER | DESCRIPTION OF PROPERTY *Include name of the transferee, their relationship to decedent, date of transfer.* | EXCLUSION | TOTAL VALUE OF ASSET | DECD. % INT. | DOLLAR VALUE OF DECEDENT'S INTEREST |
|---|---|---|---|---|---|
| 1 | PSFS Account, Passbook Savings Account, Account No. 45495120, held jointly with Joan Switt Langbord, Account transferred into joint names within one year of decedent's death | $3,000.00 | $15,109.09 | 50% | $12,109.09 |
| | **TOTAL** (Also enter on line 7, Recapitulation) | | | | $12,109.09 |

*(If more space is needed, insert additional sheets of same size.)*

REGISTEROFWILLS0030

REV.1511 EX+ (7-88)



COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

| SCHEDULE H |
|---|
| **FUNERAL EXPENSES,** |
| **ADMINISTRATIVE COSTS AND** |
| **MISCELLANEOUS EXPENSES** |

*Please Print or Type*

| ESTATE OF | FILE NUMBER |
|---|---|
| Israel Switt | W 1858 of 1990 |

| ITEM NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|
| **A.** | **Funeral Expenses:** | |
| 1. | Berschler Funeral Chapels, Inc. | $ 4,450.79 |
| 2. | Roosevelt Memorial Park | $ 837.00 |
| 3. | B. Reibstein - Memorial | $ 220.00 |
| 4. | Lauri's, Inc. (Shiva) | $ 37.53 |
| 5. | Coventry Market (Shiva) | $ 427.50 |
| 6. | Klein's Supermarket (Shiva) | $ 7.53 |
| | | |
| **B.** | **Administrative Costs:** | |
| 1. | Personal Representative Commissions | $ 0.00 |
| | Social Security Number of Personal Representative: _____ — _____ — _____ | |
| | Year Commissions paid _____ | |
| 2. | Attorney Fees | $17,500.00 |
| 3. | Family Exemption | $ 0.00 |
| | Claimant _____ Relationship _____ | |
| | Address of Claimant at decedent's death | |
| | Street Address _____ | |
| | City _____ State _____ Zip Code_____ | |
| 4. | Probate Fees  - Philadelphia County, Register of Wills | $ 445.00 |
| | - Filing exemplified copies of all probate documents with Surrogate's Office, Salem County, New Jersey | $ 48.00 |
| **C.** | **Miscellaneous Expenses:** | |
| 1. | A.  Administrative Expenses Relating to Maintenance of Real Estate: | |
| | 1)  Robinson Alarm                      $ 312.00 | |
| 2. | 2)  Water and Sewer                      $ 113.24 | |
| | 3)  Philadelphia Gas Company             $ 77.60 | |
| | 4)  Halligan Oil                         $ 98.34 | |
| 3. | 5)  Philadelphia Electric Company        $ 114.18 | |
| | 6)  Bell Telephone                       $ 50.94 | |
| | 7)  AT&T                                 $ 22.79 | |
| 4. | 8)  Pennsville Tax Collector             $ 20.47 | |
| | 9)  Penta Corp. Insurance Division       $2,074.40 | |
| | 10) Lawn Care                            $ 32.00 | |
| 5. | 11) Estimated maintenance expenses (see attached schedule)   $ 260.50 | $ 3,176.46 |
| | B.  General Administrative Expenses: | |
| 6. | 1)  Narin & Chait - Settlement of Barsky Claim       $ 200.00 | |
| | 2)  Krekstein, Wolfson & Krekstein, P.C. - Reimbursement of Costs   $ 29.00 | |
| 7. | 3)  William J. Mansfield - Advertising               $ 134.00 | |
| | 4)  Miscellaneous Expenses                           $ 500.00 | $ 863.00 |
| 8. | | |
| | **TOTAL** (Also enter on line 9, Recapitulation) | $28,012.81 |

**(If more space is needed, insert additional sheets of same size.)**

REGISTEROFWILLS0031

ESTATE OF ISRAEL SWITT

FILE NUMBER W 1858 of 1990

SCHEDULE H - ADMINISTRATION EXPENSES

Estimated Expenses for Maintenance of Osage Real Estate From Filing Date
Hereof to Closing Date on Sale of Property, January 31, 1991.

| | Creditor | Estimated Amount |
|---|---|---|
| 1. | Robinson Alarm | $108.00 |
| 2. | Water and Sewer | $ 42.50 |
| 3. | Philadelphia Gas | $ 29.00 |
| 4. | Philadelphia Electric Company | $ 43.00 |
| 5. | Halligan Oil | $ 38.00 |
| | TOTAL | $260.50 |



REV-1512 EX + (7-89)

COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

## SCHEDULE I
## DEBTS OF DECEDENT,
## MORTGAGE LIABLITIES AND LIENS

Please Print or Type

| ESTATE OF | FILE NUMBER |
|---|---|
| Israel Switt | W 1858 of 1990 |

| ITEM NUMBER | DESCRIPTION | AMOUNT |
|---|---|---|
| 1. | Internal Revenue Service - 1989 Individual Income Tax | $14,407.00 |
| 2 | Pennsylvania Department of Revenue - 1989 Individual Income Tax | $ 1,337.00 |
| 3 | City of Philadelphia - 1989 School Income Tax | $ 504.00 |
| 4 | Richard A. Jacoby, M.D. | $ 15.88 |
| 5 | Pennsylvania Hospital | $ 288.00 |
| 6 | Academy of Natural Sciences | $ 50.00 |
| 7 | Insurance Company of North America - Homeowner's Insurance on Osage Property | $ 655.20 |
| | **TOTAL** (Also enter on line 10, Recapitulation) | $17,257.08 |

*(If more space is needed, insert additional sheets of same size.)*

REGISTEROFWILLS0033

REV-1513 EX+ (2-87)



COMMONWEALTH OF PENNSYLVANIA
INHERITANCE TAX RETURN
RESIDENT DECEDENT

# SCHEDULE J
# BENEFICIARIES

| ESTATE OF | FILE NUMBER |
|---|---|
| ISRAEL SWITT | W 1858 of 1990 |

| ITEM NUMBER | NAME AND ADDRESS OF BENEFICIARY | RELATIONSHIP | AMOUNT OR SHARE OF ESTATE |
|---|---|---|---|
| | A. Taxable Bequests: | | |
| 1. | Joan Switt Langbord | Daughter | 100% |

| ITEM NUMBER | NAME AND ADDRESS OF BENEFICIARY | AMOUNT OR SHARE OF ESTATE |
|---|---|---|
| | B. Charitable and Governmental Bequests: | |
| 1. | NONE | |
| **TOTAL** CHARITABLE AND GOVERNMENTAL BEQUESTS (Also enter on line 13, Recapitulation) | $ | 0.00 |

(If more space is needed, insert additional sheets of same size)

REGISTEROFWILLS0034



**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF REVENUE**

NO. M528312

REV-1162-EX (12-86)    **OFFICIAL RECEIPT ● PENNSYLVANIA INHERITANCE AND ESTATE TAX**

RECEIVED FROM:

David R White, Esq
1760 Market St
Phila, Pa 19103

**7** ACN ASSESSMENT CONTROL NUMBER    **8** AMOUNT

| | |
|---|---|
| 101 | 48,000.00 |

— FOLD HERE

FOLD HERE

ESTATE INFORMATION:

**2** FILE NUMBER
51-90-W-1853

**3** NAME OF DECEDENT    (LAST)    (FIRST)    (MI)
Switt, Israel

**4** DATE OF PAYMENT
4-18-90

**5** POSTMARK DATE

COUNTY
Phila

DATE OF DEATH
1-18-90

REMARKS   Discount.

SEAL   ew

**6** TOTAL AMOUNT PAID    48,000.00

RECEIVED BY _____
SIGNATURE

**REGISTER OF WILLS**

REV-736 EX AFP (1-90)
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
DEPT. 280601
HARRISBURG, PA  17128-0601



**NOTICE OF DETERMINATION AND ASSESSMENT OF PENNSYLVANIA ESTATE TAX BASED ON FEDERAL CLOSING LETTER**

ACN   202

DATE  08-31-92

| ESTATE OF   SWITT        ISRAEL | FILE NO.   51 90W1858 |
|---|---|
| DATE OF DEATH   01-18-90 | COUNTY    PHILADELPHIA |

NOTE:  TO INSURE PROPER CREDIT TO YOUR ACCOUNT, SUBMIT THE UPPER PORTION OF THIS FORM WITH YOUR TAX
       PAYMENT TO THE REGISTER OF WILLS.  MAKE CHECK PAYABLE TO "REGISTER OF WILLS, AGENT".

REMIT PAYMENT TO:

STEPHEN B NARIN ESQ             REGISTER OF WILLS
KREKSTEIN ETAL                  ROOM 180, CITY HALL
1760 MARKET ST 13TH F           PHILADELPHIA, PA  19107
PHILA            PA 19103

| Amount Remitted |
|---|
|  |

CUT ALONG THIS LINE   ►   RETAIN LOWER PORTION FOR YOUR FILES   ◄

REV-736 EX AFP (1-90)   ** NOTICE OF DETERMINATION AND ASSESSMENT
        OF PENNSYLVANIA ESTATE TAX BASED ON FEDERAL CLOSING LETTER **

ESTATE OF SWITT        ISRAEL      FILE NO.51 90W1858      ACN  202      DATE 08-31-92

### ESTATE TAX DETERMINATION

| | | |
|---|---|---:|
| 1. | Credit For State Death Taxes as Verified | 44,865.00 |
| 2. | Pennsylvania Inheritance Tax Assessed (Excluding Discount and/or Interest) | 53,352.30 |
| 3. | Inheritance Tax Assessed by Other States or Territories of the United States (Excluding Discount and/or Interest) | .00 |
| 4. | Total Inheritance Tax Assessed | 53,352.30 |
| 5. | Pennsylvania Estate Tax Due | .00 |
| 6. | Amount of Pennsylvania Estate Tax Previously Assessed Based on Federal Estate Tax Return | .00 |
| 7. | Additional Pennsylvania Estate Tax Due | .00 |

TAX CREDITS:

| PAYMENT DATE | RECEIPT NUMBER | DISCOUNT (+) INTEREST (-) | AMOUNT PAID |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| | |
|---|---:|
| TOTAL TAX CREDIT | .00 |
| BALANCE OF TAX DUE | .00 |
| INTEREST | .00 |
| TOTAL DUE | .00 |

* IF PAID AFTER THIS DATE SEE REVERSE SIDE
  FOR CALCULATION OF ADDITIONAL INTEREST
( IF TOTAL DUE IS LESS THAN $1, NO PAYMENT IS REQUIRED.  IF TOTAL DUE IS REFLECTED AS A "CREDIT" (CR),
  YOU MAY BE DUE A REFUND.  SEE REVERSE SIDE OF THIS FORM FOR INSTRUCTIONS.)

REGISTEROFWILLS0036

REV-1607 EX AFP (1-91)                                          | ACN    101

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE                    INHERITANCE TAX
BUREAU OF INDIVIDUAL TAXES              STATEMENT OF ACCOUNT      | DATE   08-31-92
DEPT. 280601
HARRISBURG, PA  17128-0601



ESTATE OF          SWITT        ISRAEL                    FILE NO. 51 90W1858
DATE OF DEATH   01-18-90                                  COUNTY     PHILADELPHIA

NOTE:  TO INSURE PROPER CREDIT TO YOUR ACCOUNT, SUBMIT THE UPPER PORTION OF THIS FORM WITH YOUR TAX
       PAYMENT TO THE ADDRESS SHOWN.  MAKE CHECK PAYABLE AND REMIT PAYMENT TO: ▼

        STEPHEN B NARIN ESQ                    REGISTER OF WILLS
        KREKSTEIN ETAL                         ROOM 180, CITY HALL
        1760 MARKET ST 13TH F                  PHILADELPHIA, PA  19107
        PHILA          PA 19103

                                          | Amount Remitted |
                                          |                 |

CUT ALONG THIS LINE   ►   RETAIN LOWER PORTION FOR YOUR FILES   ◄
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
REV-1607 EX AFP (1-91)    ✳✳✳ INHERITANCE TAX STATEMENT OF ACCOUNT ✳✳✳

ESTATE OF SWITT      ISRAEL      FILE NO. 51 90W1858      ACN 101      DATE 08-31-92

THIS STATEMENT IS PROVIDED TO ADVISE OF THE CURRENT STATUS OF THE STATED ACN IN THE NAMED
ESTATE.  SHOWN BELOW IS A SUMMARY OF THE PRINCIPAL TAX DUE, APPLICATION OF ALL PAYMENTS,
THE CURRENT BALANCE, AND, IF APPLICABLE, A PROJECTED INTEREST FIGURE.

DATE OF LAST ASSESSMENT OR RECORD ADJUSTMENT:  06-15-92

PRINCIPAL TAX DUE: _____          55,878.62

PAYMENTS  (TAX CREDITS):

| PAYMENT DATE | RECEIPT NUMBER | DISCOUNT (+) INTEREST (-) | AMOUNT PAID |
|---|---|---|---|
| 04-18-90 | 528812 | 2,526.32 | 48,000.00 |
| 10-17-90 | 571086 | .00 | 6,100.85 |
| 08-14-92 | REFUND | .00 | 748.55- |

| | |
|---|---|
| TOTAL TAX CREDIT | 55,878.62 |
| BALANCE OF TAX DUE | .00 |
| INTEREST | .00 |
| TOTAL DUE | .00 |

*   IF PAID AFTER THIS DATE, SEE REVERSE
    SIDE FOR CALCULATION OF ADDITIONAL INTEREST.

(  IF TOTAL DUE IS LESS THAN $1,
   NO PAYMENT IS REQUIRED.

   IF TOTAL DUE IS REFLECTED AS A "CREDIT" (CR),
   YOU MAY BE DUE A REFUND. SEE REVERSE SIDE OF THIS FORM FOR INSTRUCTIONS. )

REGISTEROFWILLS0037

**1** NO. **M571086**

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF REVENUE
### OFFICIAL RECEIPT ● PENNSYLVANIA INHERITANCE AND ESTATE TAX

REV-116Z EX (12-86)



RECEIVED FROM:

· Stephen B. Narin, Esq
1760 Makket St.  13th Flr.
Phila Pa  19103

— FOLD HERE

| **7** ACN ASSESSMENT CONTROL NUMBER | **8** AMOUNT |
|---|---|
| 101 | 6,100.85 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

FOLD HERE -

ESTATE INFORMATION:

**2** FILE NUMBER
51-90-W-1858

**3** NAME OF DECEDENT    (LAST)          (FIRST)          (MI)
Swict Lareal

**4** DATE OF PAYMENT
10-18-90

**5** POSTMARK DATE
10-17-90

COUNTY
Phila

DATE OF DEATH
1-18-90

REMARKS

SEAL   kmf

**6** TOTAL AMOUNT PAID   6,100.85

RECEIVED BY _____
SIGNATURE

**REGISTER OF WILLS**

| INVOICE<br>INCREASE IN VALUATION | REGISTER OF WILLS<br>ROOM 180 CITY HALL<br>PHILADELPHIA, PA. 19107 | |
|---|---|---|
| ADMIN. WILL NO. | | DATE |
| ESTATE OF | | 11-26-90 |
| TO | | MAKE CHECK PAYABLE TO:<br>"REGISTER OF WILLS<br>PHILADELPHIA COUNTY" |

The appraisement/inventory recently filed in the above estate shows an increase in value over that set forth in the petition, making necessary the payment of an additional fee and an additional bond as follows:

| DESCRIPTION | |
|---|---|
| Fee | PAID |
| 10% Tax | CASHIER |
| Bond | DEC 1990<br>REGISTER OF WILLS | 3.00 |
| TOTAL COST | 5 |

Return both copies of Invoice together with your check to Register of Wills address above.  You will receive a receipt marked "PAID" when your payment has been processed.

10-34 (Rev. 8/78)

REGISTEROFWILLS0039

STATUS REPORT ᵣ PERSONAL REPRESENTATIVE(S) OR ᵤUNSEL S.C.O.C. RULE 6.12

PHILADELPHIA REGISTER OF WILLS:   WILL NO. 1858   ADM. NO. _____   19 90

Decedent: Isreal Switt                Report Current To: October 18, 1990

Date of Death: January 18, 1990      Social Security No. 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A

Personal Representative(s): Stanton Langbord

Address(es): c/o Krekstein, Wolfson & Krekstein, P.C.

  1760 Market Street, 13th Floor, Philadelphia, PA 19103

Capacity: (Check one)

☒ 1. Executor            ☐ 3. Administrator C.T.A.       ☐ 5. Administrator D.B.N. C.T.A.

☐ 2. Administrator       ☐ 4. Administrator D.B.N.        ☐ 6. Administrator Pendente Lite

Is the administration of the Estate complete?   ☐ Yes   ☒ No

If "YES" how was the administration ended?   Check one:

Court accounting filed on: _____

Account stated to parties in interest: Date _____

Parties written release of the Personal Representative(s): Date _____

Family Settlement Agreement filed with O.C.: Date _____

Other: (Explain) _____

Total paid to creditors; funeral & administrative expenses: $ 45,269.89 + # 176,435.86 in death taxes

Total value of distributions to date to beneficiaries: $ 439,693.00

If administration is not complete, estimated value of assets still in administration: $ 63,550.12

_I certify under penalty of perjury that the foregoing information is correct to the best of my knowledge, information and belief._

Date Oct 11 ___ 19 90          X _Stephen B. ____
(Print or type name below signature(s).       SIGNATURE
Indicate Personal Representative(s)            Stephen B. Narin, Esquire, I.D. No.03615
or Counsel and I.D. Number.)                   Krekstein, Wolfson & Krekstein, P.C.
                                               1760 Market Street, Phila., PA 19103
                                               ADDRESS

FILED
OCT 1 1990
REGISTER OF WILLS

                                               SIGNATURE _____

                                               ADDRESS _____

This report shall be signed by at least one (1) Personal Representative, or by Counsel for the Estate, and filed with the Register of Wills, Room 180-City Hall, Phila., within nine (9) months from the date of death of the decedent, (or such later date as provided by S.C.O.C. Rule 6.12) whether or not Inheritance Taxes are required to be paid. If the Estate is not concluded, annual reports are required to be filed until the Estate is concluded.

10-127 (Reverse)

REGISTEROFWILLS0040

ESTATE OF ISREAL SWITT

EXHIBIT "A"

STOCKS AND BONDS

| | | |
|---|---|---:|
| 1. | 518 Shs., common, Adobe Resources Corp. | $ 6,506.08 |
| 2 | 100 Shs., common, Amerada Hess | $ 4,619.00 |
| 3 | 10 Shs., common, BancTexas Group, Inc. | $ 2.97 |
| 4 | 100 Shs., common, DPL, Inc. | $ 2,956.00 |
| 5 | 150 Shs., common, Delmarva Power & Light | $ 3,000.00 |
| 6 | 100 Shs., common, Detroit Edison | $ 2,394.00 |
| 7 | 100 Shs., common, Greyhound Corp. | $ 2,925.00 |
| 8 | 42 Shs., common, Hallwood Group, Inc. | $ 207.48 |
| 9 | 900 Shs., common, McDonalds Corp. | $ 28,746.00 |
| 10 | 700 Shs., common, Philadelphia Electric Company | $ 15,225.00 |
| 11 | 258 Shs., common, Strawbridge & Clothier | $ 8,449.50 |
| 12 | 500 Shs., common, Talley Industries | $ 4,845.00 |
| 13 | 675 Shs., Talley Industries, $1.00 Cv. Pfd. | $ 9,875.25 |
| 14 | 150 Shs., common, Tasty Baking Co. | $ 2,821.50 |
| 15 | 300 Shs., common, UGI Corp. | $ 11,007.00 |
| 16 | $300.00 face value, General Time Corp., 4.75%, Dtd. 8/1/79 (Company went bankrupt) | $ 0.00 |
| 17 | $400.00 face value, Hallwood Group, Inc. Subordinated Debentures, 13.5%, Due 7/31/09 | $ 318.00 |
| | | $103,897.78 |

ESTATE OF ISREAL SWITT

EXHIBIT "B"

CASH AND MISCELLANEOUS PERSONAL PROPERTY

| | | |
|---|---|---|
| 1 | Inter-County Health Plan, Inc., Benefits | $ 39.24 |
| 2 | Advest Money Market, Account No. 510-11039 | $ 933.73 |
| 3 | Alliance Capital Reserve, Money Market, Held in Advest Account, Account No. 510-11039 | $102,512.00 |
| 4 | Meridian Bank, Checking Account, Account No. 41047194 | $ 1,074.28 |
| 5 | Refund of premium from Sun Life Assurance Company of Canada | $ 69.80 |
| 6 | Settlement of Claim with Larry and Harriett Barsky | $ 800.00 |
| 7 | Pro rated anniversary dividend from Metropolitan Life Insurance Company | $ 273.60 |
| 8 | Dividend from United States Treasury on Veterans Administration Policy No. FK477555 | $ 249.84 |
| 9 | Refund of Homeowner's Policy premium | $ 520.89 |
| 10 | Settlement of Bonnie Glantz Fatell Dispute | $ 3,000.00 |
| 11 | Miscellaneous personal property | $ 500.00 |
| | | $109,973.38 |

REGISTEROFWILLS0042

Register of Wills
In and for the
County of Philadelphia
Pennsylvania

IN THE MATTER OF THE ESTATE OF

ISRAEL SMITT

Deceased

Will No. 1815 .......... Year .. 1990 ......

Certified Copy of

PROBATE PROCEEDINGS OF

THE LAST WILL AND TESTAMENT,
INHERITANCE TAX and INVENTORY

RONALD R. DONATUCCI
REGISTER OF WILLS
and
Ex officio Clerk of the Orphans' Court

10-76A (Rev. 12/79)