

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROY LANGBORD, et al.,
    Plaintiffs,          F I L E D   CIVIL ACTION

   v.                  JUL 2 6 2007

                 MICHAEL E. KUNZ, Clerk
UNITED STATES DEPARTMENT OF           Dep. Clerk
THE TREASURY, et al.,     :     NO. 06-CV-05315
    Defendants.        :

<u>ORDER</u>

AND NOW, this   25th   day of July 2007, upon careful consideration of Defendants'

Motion to Dismiss or in the Alternative for Summary Judgment (Doc. Nos. 8, 9), Plaintiffs'

Response in Opposition (Doc. Nos. 14, 16, 18), all the exhibits and affidavits submitted in

conjunction with the aforementioned documents, and all the pleadings in the case, it is hereby

ORDERED that Defendants' Motion is DENIED.  It is further ORDERED that Defendants shall

answer Plaintiffs' Complaint within ten (10) days of the date of this Order.

The resolution of this case turns on the circumstances, both legal and factual, surrounding

ten 1933 Double Eagle gold coins – circumstances arising some seventy years ago – and, to a

lesser extent, on events leading up to Defendants' gaining possession of these coins in 2004.

With regard to the request for dismissal, Defendants have failed to show that Plaintiffs can prove

no set of facts entitling them to relief on each of their eight enumerated claims.  <u>See, e.g.</u>, <u>Conley</u>

<u>v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  As such, Defendants' Motion as it pertains to the

dismissal of Plaintiffs' Complaint will be denied.

Furthermore, the Court is not persuaded that Defendants' proffered evidence constitutes a

1

sufficient and comprehensive factual record[1] upon which the grant of summary judgment would

be appropriately premised. See, e.g., 10A Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, Federal Practice and Procedure § 2728, at 529 (3d ed. 1998) (courts may exercise

discretion to deny summary judgment to ensure that "difficult or complicated legal issues" are

adjudicated based on a complete factual record); Freedman v. Beneficial Corp., 406 F. Supp.

917, 921 (D. Del. 1975) ("in light of the complexity of this case and plaintiff's necessary reliance

on circumstantial evidence, the Court, in the exercise of its discretion, finds that summary

judgment ... would be inappropriate").  Moreover, given that Defendants appear to have

continued with factual discovery even following their filing of the instant Motion, it is readily

apparent that their request is premature.  See Doe v. Abington Friends School, 480 F.3d 252, 257

(3d Cir. 2007) ("the summary judgment process presupposes the existence of an adequate record

... [i]f discovery is incomplete in any way material to a pending summary judgment motion, a

district court is justified in not granting the motion").  Therefore, the request for summary

judgment must be denied at present, although the denial will be expressly without prejudice to

Defendants' ability to file a similar motion after the conclusion of discovery.

BY THE COURT:

Legrome D. Davis, J.

---

[1] Additionally, not only do Plaintiffs argue there are disputed issues of fact precluding summary judgment, they even dispute the admissibility of the documents proffered by Defendants in support of the instant Motion. Pls.' Resp. at 9 n.8 & 21 n. 21.