## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY LANGBORD, DAVID LANGBORD,** and **JOAN LANGBORD,** | : : : | **Civil Action No. 06-5315 (LDD)** |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **UNITED STATES DEPARTMENT OF THE TREASURY, et al.,** | : : : | |
| **Defendants.** | : : | |
| **UNITED STATES OF AMERICA,** | : : | **TRIAL BY JURY DEMANDED** |
| **Third-Party Plaintiff,** | : : : | |
| v. | : : : | |
| **TEN 1933 DOUBLE EAGLE GOLD PIECES,** et al., | : : : | |
| **Third-Party Defendants.** | : : | |

### UNITED STATES OF AMERICA'S CLAIM
### OF INTEREST IN DEFENDANT PROPERTY

Claimant, the United States of America, by its undersigned counsel, through the United States Mint and the United States Mint Public Enterprise Fund (the "PEF"), submits this claim to the defendant property – ten 1933 Double Eagle gold pieces – as its exclusive rightful owner, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Claimant agrees that the defendant property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641.  However, the United States respectfully contends that at the time of the event giving rise to the forfeiture of the defendant property, it was

(and remains today) the true owner of the defendant property.  Accordingly, the United States

submits this Claim to protect its ownership interest.

## DESCRIPTION OF THE CLAIMED DEFENDANT PROPERTY

1.      The defendant property subject to this claim consists of ten 1933 Double Eagle

gold pieces minted at the United States Mint at Philadelphia, Pennsylvania in 1933 (the

"Defendant Property"), which currently is in the possession of the United States and located at

the United States Bullion Depository, Fort Knox, Kentucky.

## IDENTITY OF THE CLAIMANT AND STATEMENT OF THE
## CLAIMANT'S INTEREST IN THE PROPERTY

2.      The Claimant is the United States of America, through the United States Mint and

the PEF.

3.      The Claimant's interest in the Defendant Property is that of owner with exclusive

right to possession.

4.      The Defendant Property was minted in 1933 by the United States Mint at

Philadelphia from gold owned by the United States.

5.      Only Congress and those persons authorized by Congress have authority to mint

and issue coins.  See U.S. Const., art. I, § 8, cl. 5 ("The Congress shall have Power . . . . To coin

Money, regulate the Value thereof . . . .").

6.      Only Congress and those persons authorized by Congress may dispose of property

belonging to the United States.  See U.S. Const., art. IV, § 3, cl. 2 ("The Congress shall have

Power to dispose of and make all needful Rules and Regulations respecting the Territory or other

Property belonging to the United States. . . .").

2

7.      The United States cannot be divested of its property by negligence, delay, laches, mistake or unauthorized actions by subordinate officials.  See United States v. California, 332 U.S. 19, 39-40 (1947).

8.      As set forth in detail in the Third Party Complaint filed in this matter (Docket No. 112) and incorporated and adopted herein by reference as set forth in full, the Defendant Property was taken from the United States Mint unlawfully and without authority.

9.      The ownership interest of the United States of America in the Defendant Property was established conclusively in United States v. Barnard, 72 F. Supp. 531 (W.D. Tenn. 1947).  In that case, a federal district court concluded that a 1933 Double Eagle "could only be issued and circulated legally by the Philadelphia Mint, upon receipt by said Mint of an order from the Treasurer of the United States," and that "the Mint did not, at any time, receive such an order except one to deliver two of these coins to the Smithsonian Institute [sic]." Id. at 532.  The Barnard court further concluded that the 1933 Double Eagle did not leave the United States Mint "as regularly and lawfully issued money," and that a 1933 Double Eagle was not a coin or currency, but rather "was chattel, or an article of virtu." Id.  The court concluded that the 1933 Double Eagle had to have been "stolen or, through fraudulent breach of trust, taken from the Philadelphia Mint." Id.

10.     In 2004, the Defendant Property – which had been taken unlawfully from the United States Mint – was returned to the possession of the United States.

11.     Congress established the United States Mint in 1792.  During 1933, the United States Mint was part of the United States Department of the Treasury.  In 1995, Congress established the PEF and, pursuant to 31 U.S.C. § 5136, the Department of the Treasury

transferred to the PEF all of the United States Mint's assets and liabilities, and thereby the United States Mint became a nonappropriated fund instrumentality. The Defendant Property is owned by the United States as an asset transferred by the Department of the Treasury to the PEF.

WHEREFORE, the United States of America, through the United States Mint and through the United States Mint Public Enterprise Fund, claims rightful and exclusive ownership of the Defendant Property and requests its return to the United States.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney

J. ALVIN STOUT, III
Chief, Asset Forfeiture

NANCY RUE
Assistant United States Attorney

MARGARET HUTCHINSON
Chief, Civil Division

SUSAN DEIN BRICKLIN
Assistant United States Attorney

JOEL SWEET
Assistant United States Attorney

JACQUELINE ROMERO
Assistant United States Attorney

4

Office of the United States Attorney for the
    Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Tel. (215) 861-8200
joel.sweet@usdoj.gov

*For the United States of America,*
*the United States Mint, and the*
*United States Mint Public Enterprise Fund*

5

**VERIFICATION**

I. EDMUND C. MOY, Director of the United States Mint, declare under penalty of perjury, as provided by 26 U.S.C. 1746, that:

1.     I am authorized to submit this claim on behalf of the United States of America, the United States Mint, and the United States Mint Public Enterprise Fund.

2.     I have fully reviewed the foregoing Claim.

3.     The Claim is truthful and correct in every respect.

EDMUND C. MOY
Director, United States Mint

*For the United States of America,*
*the United States Mint, and the*
*United States Mint Public Enterprise Fund*

Dated: November 2, 2009

6