IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROY LANGBORD, et al., :
    Plaintiffs, :
     :
v. :
     :
UNITED STATES DEPARTMENT OF :
THE TREASURY, et al., :
    Defendants. : CIVIL ACTION
_____ :
     :
UNITED STATES OF AMERICA, : No. 06-5315
    Third-Party Plaintiff, :
     :
v. :
     :
TEN 1933 DOUBLE EAGLE GOLD PIECES, :
    Third-Party Defendant-in-rem. :
     :
_____ :

# ORDER

AND NOW, this 5th day of July, 2011, upon consideration of the United States's Motion in Limine to Admit Documents (Doc. No. 148) and Claimants' Response thereto (Doc. No. 168); the United States's Motion in Limine to exclude certain of Claimants' exhibits (Doc. No. 152) and Claimants' Response thereto (Doc. No. 161); Claimants' Motion in Limine to Exclude Evidence Based on Authenticity, Hearsay, Relevance, and Prejudice Grounds (Doc. No. 153) and the United States's Response thereto (Doc. No. 162); Claimants' Motion in Limine to Exclude Reports and Related Evidence from the Secret Service Investigation (Doc. No. 154) and the United States's Response thereto (Doc. No. 163); Claimants' Motion in Limine for Jury Instructions Based on the Government's Violation of the Langbords' Constitutional Rights (Doc. No. 155) and the United States's Response thereto (Doc. No. 164); Claimants' Motion in Limine

to Limit the Testimony of the Government's Historian Expert Witness (Eric Rauchway) (Doc. No. 156) and the United States's Response thereto (Doc. No. 165); and Claimants' Reply Memorandum of Law in Support of their pretrial Motions (Doc. No. 172), the Court hereby ORDERS as follows:

1. The Government's Proposed Exhibits are admissible as follows:

    *Government Proposed Exhibits 1 and 1A*: The Court deems the Barnard opinion and factual findings prima facie authentic under Federal Rule of Evidence 901(b)(8), hereinafter, the "ancient document rule." The documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception. Based on the potential prejudice and jury confusion, these documents are not admissible as stand-alone substantive evidence. But the Government may introduce them to show that Israel Switt had notice that the 1933 Double Eagles did not lawfully leave the Mint and the Government's experts may discuss the documents as bases for their opinions.

    *Goverment Proposed Exhibits 2–28*: These letters from the American Numismatic Society's archival collection, including unsigned letters, are prima facie authentic under the ancient document rule. The documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception.

    *Government Proposed Exhibit 29–74*: These documents obtained from the Connecticut State Library's archival collection, including any unsigned documents, are prima facie authentic under the ancient document rule. The documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception.

    *Government Proposed Exhibit 76*: This copy of George McCann's official prison card is prima facie authentic under the ancient document rule. Despite qualifiying as bad acts evidence, its permissible purposes for introduction—to show opportunity to steal and lack of accident or mistake—outweigh the minimal danger that the document will unduly prejudice the Langbords' case. Upon request, the Court will caution the jury not to evaluate the bad acts evidence introduced for its tendency to show propensity to commit additional bad acts.

    *Government Proposed Exhibits 77–81*: The documents obtained from the Federal Reserve Bank of New York, including any unsigned documents, are prima facie authentic under the ancient document rule. The documents themselves and any

level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception.

*Government Proposed Exhibits 81–217B and 322*: These documents from the National Archives, which were not created by the Secret Service, are prima facie authentic under the ancient document rule. Proposed Exhibits 117, 119 (page 1) , 127 (letter marked "COPY"), 133–37, 188, 198, 200, and 202 are prima facie authentic only as documents manually created more than 20 years ago that comprise part of the National Archives files, but not as accurate reproductions of originals, as further explained in the Memorandum Opinion. As to all of these prima facie authentic documents (Proposed Exhibits 81–217B and 322), the documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception. With respect to specific exhibits within this range, the Court concludes as follows:

> Proposed Exhibit 119's first page is not admissible as it lacks any probative value.
>
> The Langbords object to the admission of Proposed Exhibit 127 on the grounds that it presents legal conclusions in a way that usurps the function of the Court to instruct the jury on the law. The Government responds that it only intends to use the document to rebut the Langbords' contention that the Government has changed its position over time regarding whether it is/was legal to possess a 1933 Double Eagle. For the reasons contained in the accompanying Memorandum Opinion, the Court determines that this document is presently inadmissible even for such limited purposes.
>
> After performing a 404(b) analysis detailed in the accompanying Memorandum Opinion, the Court concludes that the Proposed Exhibits related to the 1934 case involving Israel Switt's possession of gold in violation of the Gold Reserve Act (Proposed Exhibits 166–173) have a proper evidentiary purpose since they speak directly to motive, knowledge, intent and the absence of mistake or accident, and are therefore admissible.
>
> As for the Langbords' objection to the introduction of the Proposed Exhibits that refer to George McCann (Proposed Exhibits 76, 82, 174, 198–202, 212, 294, 298, 299–300, 301, and 302), the Court concludes that such evidence is relevant, not offered merely to prove propensity, and holds probative value not substantially outweighed by undue prejudice.
>
> Proposed Exhibits 189–197, 202, 212, which relate to other thefts from the Mint, are relevant because they make the theft of the ten 1933 Double Eagles relevant here at least slightly more probable.

*Government Proposed Exhibits 218 and 219*: The Langbords have not challenged the authenticity of these documents from the Philadelphia Register of Wills; nor have they objected to their introduction on hearsay grounds. They have, however, objected to the documents' introduction on the grounds that they are irrelevant, are evidence of prior bad acts, and have a high risk of unduly prejudicing the Langbords' case. The Court finds the documents highly relevant to the issue of knowing and unlawful concealment, an element of the 18 U.S.C. § 641 violation underlying the civil forfeiture count, and concludes that their undue prejudice does not substantially outweigh their probative value.

*Government Proposed Exhibits 220–302B*: These archived United States Secret Service files concerning the investigation into the theft of 1933 Double Eagles from the Mint, including any unsigned documents, are prima facie authentic under the ancient document rule. Proposed Exhibits 221 (enclosures only), 233 (Charles P. Rump's unsigned statement), 233A, 237 (last page), 238 (last page), 240 (except March 21, 1944 letter from Helen C. Moore, a signed version of which appears at 123), 266 (attachments marked "COPY", except March 21, 1944 letter from Helen C. Moore), 274 (attachments stamped "signed by"), and 285 (attachment) are prima facie authentic only as documents manually created more than 20 years ago that comprise part of the Secret Service files, but not as accurate reproductions of originals, as further explained in the Memorandum Opinion. As to all of these prima facie authentic documents (Proposed Exhibits 220–302B), the documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception. With respect to specific exhibits within this range, the Court concludes as follows:

> Despite the legal conclusions contained therein, Proposed Exhibits 228 and 275 are admissible to rebut any argument by the Langbords that the Government has changed its position over time regarding whether it is/was legal to possess a 1933 Double Eagle. If the Government arrives at the view that the presentation of evidence at trial has made Proposed Exhibits 228 and 275 relevant, it should advise the Court outside of the presence of the jury and obtain a ruling in advance of presenting the documents or posing document-related questions.
>
> As for the Langbords' objection to the introduction of the Proposed Exhibits that refer to George McCann (Proposed Exhibits 233A, 262, 294, 298–302), the Court concludes that such evidence is relevant, not offered merely to prove propensity, and holds probative value not substantially outweighed by undue prejudice.
>
> Proposed Exhibits 276 and 279 are admissible to provide a full contextual understanding of historical events. Proposed Exhibits 305 and 306 are

admissible over the Langbords' challenge on relevance and prejudice grounds, as explained in the accompanying Memorandum Opinion.

*Government Proposed Exhibit 303*: The Government contends that it will use this Sotheby's auction catalog not for the truth of the matters asserted therein, but to establish notice. The Langbords do not object to that use of the document. If the Government intends to offer the document for its truth, it should advise the Court outside of the presence of the jury and obtain a ruling in advance of presenting the documents or posing document-related questions.

*Government Proposed Exhibits 305–311, 314–317*: These documents obtained from the Mint and Treasury Department, including any unsigned documents, are prima facie authentic under the ancient document rule. Proposed Exhibits 305–307 are prima facie authentic only as documents manually created more than 20 years ago that comprise part of the Mint and Treasury department files, but not as accurate reproductions of originals, as further explained in the Memorandum Opinion. As to all of these prima facie authentic documents (Proposed Exhibits 305–311, 314–317), the documents themselves and any level of hearsay therein are admissible, even for the truth of the matter, based on ancient document exception. Moreover, Proposed Exhibits 305 and 306 are admissible over the Langbords' challenge on relevance and prejudice grounds, as explained in the accompanying Memorandum Opinion.

*Government Proposed Exhibits 318–321*: These exhibits comprise a safe deposit box from Wachovia Bank, photos of the safe deposit box, and Wachovia Bank's records pertaining to the safe deposit box in which Joan Langbord claims to have found the ten 1933 Double Eagles. The Langbords have objected to their introduction on the grounds that they are irrelevant, are evidence of prior bad acts, and have a high risk of unduly prejudicing the Langbords' case. Like the probate documents, the Court finds the documents highly relevant to the issue of knowing and unlawful concealment, an element of the 18 U.S.C. § 641 violation underlying the civil forfeiture count, and concludes that their undue prejudice does not substantially outweigh their probative value.

*Government Proposed Exhibits 323–330*: The Langbords do not challenge these publications' authenticity. The Government states that it will introduce these documents not for the truth of the matters contained therein, but for notice purposes. The Langbords do not object to the documents' admission for such purposes. Should the United States seek to enter any of these exhibits for their truth, it should advise the Court outside of the presence of the jury and obtain a ruling in advance of presenting the documents or posing document-related questions.

2. The Langbords' Proposed Exhibits are admissible as follows:

*Authenticity Concerns*: Langbord Proposed Exhibits 8, 10–23, 25–29, 31–44, and 46–63 are prima facie authentic as business records under Rule 902(11). Langbords' Proposed Exhibits 2, 3, 64–67, and 150 are self-authenticating official publications or periodicals covered by Rule 902(5) and (6). Langbords' Proposed Exhs. 45, 68, 69, three photographs taken by a paralegal, might properly be authenticated through her testimony.

*Langbord Background Evidence*: The Langbords may introduce evidence regarding their turning over the Double Eagles to the Mint and the Mint's decision not to return them. But they shall not provide more than basic contextual information and shall not include any reference to the possessory or ownership interest they claim to have had prior to turning over the Gold Pieces, nor shall they discuss the constitutionality of the Government's decision not to initiate forfeiture proceedings.

*Langbord Proposed Exhibit 1*: This document, a 2007 printout from the Mint's website listing the 1933 Double Eagle as a circulating coin, is admissible as a statement of a party opponent, no matter what the Mint intended by posting the information.

*Langbord Proposed Exhibits 27, 34, 36–39, 41, 43–45, 55, 56*: These documents, which discuss whether the Mint kept small denomination coins segregated by design or year, are marginally relevant and form one of the bases of expert Roger Burdette's opinion. Because they will not prejudice the United States or confuse the jury substantially, they are admissible.

*Langbord Proposed Exhibits 45, 64, and 65*: These documents, which tend to show that the Government records are not complete, are relevant for that purpose. The Court concludes that Proposed Exhibits 64 and 65 are prima facie authentic under Rule 902(5) and non-hearsay under Rule 801(d)(2)(D). The Langbords have not yet established the prima facie authenticity of Proposed Exhibit 45.

*Langbord Proposed Exhibits 66 and 75*: The Langbords seek to introduce these two documents only to rebut any insinuation by the United States that it is illegal to possess 1933 Double Eagles, even if they were released through authorized Mint channels. If during the trial, the Langbords perceive that these documents become relevant, they are directed to raise their intention to pose questions in this area to the Court outside the hearing of the jury and establish a proper foundation for the admission of the exhibits.

*Langbord Proposed Exhibit 74*: The Langbords seek to introduce this excerpt

from a draft of expert David Tripp's report only to cross-examine him, not for the truth of the matter. The Government's objection is therefore unfounded.

*Langbord Proposed Exhibit 75*: George Hunter's final report, in which he authenticated the Gold Pieces for the Mint, qualifies as a report setting forth "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and is therefore non-hearsay under rule 803(8)(B).

*Langbord Proposed Exhibit 95*: Because the regulations set forth in Proposed Exhibit 95 became effective on December 1, 1947, it does not bear upon the issues presented in this case. It is accordingly not admissible as direct evidence or for the purposes of cross-examining Government expert David Tripp, unless Tripp suggests that the 1918 regulations remained in effect past 1947, or something similar.

*Langbord Proposed Exhibits 97*: This document is the same document as an attachment to a memorandum from William Dowling to Frank Burke, which the Government proposed to introduce as its Exhibit 296. The Langbords' proposed exhibit is therefore admissible.

*Langbord Proposed Exhibits 138 and 139*: These documents, a picture and drawing of the "Treasury Cash Room" in 1975, are admissible under Rule 703 because the Langbords' expert, Roger Burette, relied upon them to support his expert opinion.

3. The Langbords' Motion in Limine for Jury Instructions Based on the Government's Violation of the Langbords' Constitutional Rights (Doc. No. 155) is DENIED for the reasons set forth in the accompanying Memorandum Opinion.

4. The Langbords' Motion Limine to Limit the Testimony of the Government's Historian Expert Witness (Eric Rauchway) (Doc. No. 156) is DENIED, except that although Rauchway will be permitted to testify about his own methods in reaching a conclusion and about why historians accept and endorse those methods, Rauchway may not tell the jury how it should or must make those same determinations, as the accompanying Memorandum Opinion explains in further detail.

5. The Government's request to prevent the Langbords' expert Roger Burdette from testifying to his former membership in the Citizens Coinage Advisory Committee (CCAC) or the circumstances of his resignation (see Doc. No. 151) is GRANTED, in part, and DENIED, in part as follows: Burdette can testify to his former CCAC membership in order to provide evidence of his expert qualifications but may not discuss his resignation, as explained by the

accompanying Memorandum Opinion.

If either party desires an evidentiary ruling on an exhibit not covered by this Order, the party is directed to file supplemental motion in limine including a specific request(s). To the extent the documents already submitted by the parties explain the factual and legal underpinnings for the desired ruling, the parties may direct the Court to those documents, rather than resubmitting portions of them or composing new documents.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.